**City of Chicago, Appellee, v. George I. Haight, Appellant.**

**Gen. No. 27,563.**

LANDLORD AND TENANT—*persons to whom duty to heat premises owed.* An ordinance requiring the heating of premises occupied by human occupants imposes no duty on the landlord as to persons occupying the premises after judgment against them in forcible entry and detainer.

Appeal from the Municipal Court of Chicago; the Hon. JOHN RICHARDSON, Judge, presiding. Heard in this court at the March term, 1922. Reversed. Opinion filed October 30, 1922.

HAIGHT, ADCOCK, HAIGHT & HARRIS, for appellant.

No appearance for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is a case where the City of Chicago brought suit against the defendant, who is appellant here, charging the violation of certain city ordinances. The

specific charge made was that the defendant on, "to wit, the 10th day of October, 1921, at 4727 South Michigan avenue, Chicago, Illinois, failed to provide an adequate supply of heat for a building occupied by human occupants; temperature 56 degrees."

The affidavit of merits sets up that the premises were vacant, with the exception that a portion of the basement was occupied by one Nelson and had at all times been heated to his satisfaction; that the second apartment was occupied by one Lena Bell, against whom defendant had a judgment in forcible entry and detainer and who therefore had no right to the possession of the premises, and for whose benefit defendant says he was under no obligation to heat said premises. The judgment of appellant against Lena Bell was affirmed in this court on June 28, 1922. (See *Haight v. Bell, post,* p. 644.)

The facts were stipulated on the trial, and the City of Chicago has not appeared in this court to support the judgment rendered in its favor.

The ordinances in question are set up in the abstract. They do not specifically direct the furnishing of heat to premises, and we are unable to say, in the absence of a brief for the city, upon what theory these ordinances were held to require the performance of such alleged duty. However, if it is conceded that the ordinances might be construed as creating such a duty, we do not think it could be held that such duty was owing to one wrongfully in possession of the premises. The judgment is reversed.

*Reversed.*

McSURELY, P. J., and DEVER, J., concur.